**Johnny Ray SMITH, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–75–742.**

Court of Criminal Appeals of Oklahoma.

June 18, 1976.

------♦------

## OPINION UPON PETITION FOR REHEARING

BLISS, Judge.

On the 11th day of May, 1976, this Court affirmed the appellant's conviction for the offense of Murder in the Second Degree, in violation of 21 O.S.Supp.1975, § 701.2. However, in affirming the appellant's conviction, this Court determined that the record of the instant case failed to reflect that the trial court sentenced the appellant in accordance with the punishment provision enumerated in 21 O.S. Supp.1975, § 701.4. Thus this Court directed the cause remanded to the Tulsa County District Court with instructions to the trial court to resentence the appellant upon the verdict of the jury returned in the case in accordance with the provisions of 21 O.S. Supp.1975, § 701.4 and in all other respects the judgment and sentence appealed from was accordingly affirmed.

Upon rehearing the appellant urges this Court to construe the intent of the legislative enactment of 21 O.S.Supp.1975, § 701.-4. The appellant further urges that the intent of the Legislature in enacting said statute was that upon a conviction of Murder in the Second Degree the only sentence that could be imposed is an indeterminate sentence of ten (10) years to life imprisonment.

We are called upon to add clarity to what we certainly agree is an ambiguous statute. However, the first provision in this statute is abundantly clear and that is, that every person convicted of Murder in the Second Degree shall be punished by imprisonment in the State in the State Penitentiary for not less than ten (10) years nor more than life. The ambiguity occurs upon the reading of the second provision of the statute which states that the trial court shall set an indeterminate sentence in accordance with the provisions of said section of the statute. We are of the opinion that the second provision is mere surplusage in regard to the sentence to be imposed upon the finding of guilty of Murder in the Second Degree. Consequently, any ambiguity regarding the particular sentence to be imposed under this section is resolved and the provisions mandate that the only sentence which the trial court may impose is an indeterminate sentence of ten (10) years to life imprisonment, as opposed to a fixed period of years.

For the above and foregoing reason the decision as previously rendered is hereby AFFIRMED and the Clerk of this Court is therefore directed to issue a Mandate forthwith.

BUSSEY and BRETT, JJ., concur.